# In The United States District Court
# Middle District of Alabama

Horace Bush,
   petitioner

v.

State of Alabama
Ala. Dept of Corr.
Ala. Bd. of Pardon &
 Parole,
   Respondents

Civil Case No. 2:06cv982-WKW

RECEIVED 2006 OCT 31 A 9:36 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

## Petition For Declaratory Judgment

Comes Now, Horace Bush, a pro se petitioner to move the Honorable Court for a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.A. Section 2201.

Whereas, in February 2004 the petitioner was indicted for the offense of Robbery I pursuant to Ala. Code 1975 Section 13A-8-41, See Exhibit 1. On 5/23/84, petitioner entered a guilty plea to Robbery III pursuant to Ala. Code 1975 Section 13A-8-43, See Exhibit 2. Furthermore, the petitioner was order to serve 30 years in the Alabama State penitentiary. See Exhibit 2 On 6/15/84, a motion to correct or amend sentence which was file 6/14/84 was granted; in

pg 2

cont.         [Declaratory Judgment]
order that petitioner's Alabama sentence of 30 years could run [Concurrently] with the 55 years sentence imposed in the State of Ohio. Furthermore, the amendment was done with the consent of Assistant District Attorney Lloyd Copeland, See Exhibit (2). In addition, Maurice W. Castle, Jr., Clerk of the Circuit Court of Mobile County, Alabama certified the Judgment on Case No. CC-77-660, 661, 662 on 4/30/1984 or petitioner's prior convictions, See Exhibit (3). On July 28th, 2002; the petitioner paroled from the State of Alabama. On or about the 4th day of September, 2001; petitioner was granted parole in Ohio. On December 7th, 2005 a warrant was issued by the Adult Parole Authority of Ohio. Afterwhich, petitioner was arrested on or about January 2nd, 2005. Following, the Alabama Board of Pardon and Parole revoked the petitioner's parole on May 31st, 2005.

[Standard Of Review]
1. MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of Newark, N.J., 558 F.Supp. 596 (D.C. Ala. 1983)(the Court held the availability of other adequate remedies does not alone

pg 3

Cont.        [Declaratory Judgment]
weight against rendition of declaratory relief, but test is whether or not other remedy is more effective or efficient.
(2) U.S. Fidelity and Guar. Co. v. Algernon-Blair, Inc. 705 F. Supp. 1507 (M.D. Ala. 1988)( Federal District Courts have broad discretion in exercising its jurisdiction over declaratory judgment actions, 28 U.S.C.A Section 2201).
(3) Title 28 Section 2201/Declaratory Judgment Claims must meet two criteria (1) there must be an actual controversy; and (2) there must be a question of subject matter jurisdiction.
 A. Criteria one: Calderon v. Ashmus, 523 U.S. 740, 140 L.Ed.2d 970 (1998)(the U.S. Supreme Court stated the mandate derived from Article III of U.S. Constitution required that Federal Courts decide only actual cases or controversies, and they do not render advisory opinions.)
 B. Criteria two: Shell Oil Co. v. Phillips Petroleum Co., 94 L.Ed 1194 (1950)(the U.S. Supreme Court held that District Courts must have subject matter jurisdiction over claim)( either claim must arise under the constitution, laws or treaties of the

cont.          [Declaratory Judgment]
United States, pursuant to 28 U.S.C.S Section 1331; or case must be between citizens of different states where amount in controversy must exceed $75,000 under 28 U.S.C.S. Section 1331/Diversity claim.

4. Artichoke Joe's v. Norton, 216 F. Supp. 2d 1084 (2002 ED Cal)(Court held plaintiffs properly alleged injury under declaratory judgment act, 28 U.S.C.S. Section 2201 when they alleged both violation of their right to equal protection laws and economic injury; together these allegations adequate basis for standing to seek declaratory relief).

5. Thompson v. Missouri Bd. Of Parole, 929 F.2d 396 (8th Cir. 1991)( Detainer lodged by Missouri parole Board with Minnesota prison gave board custody of petitioner, as well as, it gave Minnesota District Court jurisdiction to cure the Missouri Board's violation).

[Issue]

A. Whether Alabama relinquished its personal and subject matter jurisdiction over petitioner when it ordered his 30 years sentence to run concurrent with his 55 years sentence ordered by the State of Ohio?

cont.                [Declaratory Judgment]

[Summary Argument]

Under Alabama Statutory Law, Ala. Code 1975 Section 14-9-41(g)(2) states when a prisoner is serving two or more sentences which run concurrently, the sentence which results in the longer period of incarceration yet remaining shall be considered the term to which such prisoner is sentenced for the purpose of computing his release date. In addition, when a second prison sentence was ordered to run concurrently with first sentence, and expiration date of second sentence was beyond the first sentence; imposition of second prison sentence in essence cause first prison sentence to cease to exist, Cited in Morrison v. State, 687 So.2d 1259 (Ala.Crim. App. 1996); Also, Henley v. Johnson, 885 F.2d 790 (11th Cir 1989) In the instant case, petitioner's 30 years sentence in Alabama was ordered to run concurrent with his 55 years sentence in Ohio; Thus, the 55 years sentence in Ohio caused the 30 years sentence in Alabama to cease to exist according to Alabama Code 1975

Cont.        [Declaratory Judgment]

[Summary Argument]

Section 14-9-41(g)(2): Where, in <u>Hicks v. Oklahoma</u>, 65 L.Ed. 2d 175 (1979)(Court held that a State's failure to abide by its own laws that results in a deprivation of liberty constitutes a violation of the <u>Due Process Clause</u> of the 14th Amendment of the U.S. Constitution. According to Alabama Code 1975 Section 14-9-41(g)(2), the State of Alabama did relinquish its personal and subject matter jurisdiction on the petitioner's 30 years sentence by ordering it to be served concurrently with a 55 years sentence in the State of Ohio. Whereas pursuant to 28 U.S.C.A. 2201 its' purpose is to provide the opportunity to clarify rights and legal relationships...ect., Citing <u>Fireman's Fund Ins. Co. v. Ignacio</u>, 860 F.2d 353 (1988, CA 9 Guam).

[Argument]

Under Alabama Code 1975 Section 14-9-41(g)(2) States when a prisoner is serving two or more sentences which run concurrently, the sentence which results in the longer period of incar-

Cont                [Declaratory Judgment]

[Argument]

ceration yet remaining shall be considered the term which such prisoner is sentenced for purpose of computing his release date. In the instant case, the petitioner's 30 years Alabama sentence was ordered to run concurrent with his 55 years Ohio sentence; thus, according to Ala. Code 1975 Section 14-9-41(g)(2), the Ohio's 55 years sentence results in the longer period of incarceration yet remaining, an it is the sentence which must be used to compute petitioner's release date. See Exhibit (2). In addition, under Alabama's Case Law as cited in Morrison v. State, 687 So. 2d 1259 (Ala. Crim. App. 1996) (when a second prison sentence was ordered to run [concurrently] with the first sentence, and its' expiration date was beyond the first sentence, then the imposition of the second sentence in essence cause the first sentence to [cease] to exist. Also, Henley v. Johnson, 885 F.2d 790 (11th Cir. 1989). In the instant case, the petitioner's 55 years sentence in the

Cont                [Declaratory Judgment]

[Argument]

State of Ohio expiration date is beyond the expiration date of Alabama's 30 years sentence; thus according to Alabama Code 1975 Section 14-9-41(g)(2) The Ohio sentence in essence caused the Alabama sentence to cease to exist. In Hicks v. Oklahoma, 65 L. Ed. 2d 175 (1979) (the U.S. Supreme Court held that when a State's failure to abide by its own laws that results in a deprivation of liberty, then it has violated the Due Process Clause of the fourteenth Amendment, U.S. Constitution).

In the instant case, the State of Alabama has fail to abide by its own laws, i.e. Ala. Code 1975 Sections 14-9-41(g)(2) and 14-3-8; thus, the petitioner has been deprived of his Due process rights under the fourteenth amendment of the U.S. Constitution. Whereas, on January 2nd, 2005 the petitioner was arrested in the State of Ohio, and he was transported to the Franklin County Jail in Ohio, as a result of a warrant for violation of the conditions of his Ohio parole. On May 31st, 2005, the petitioner's alleged parole in Alabama

Cont.                    [Declaratory Judgment]

[<u>Argument</u>]

was revoked, after he had been return to Alabama on January 31st, 2005. Currently, the petitioner is incarcerated at Staton Correctional Facility in Elmore County, Alabama. In a <u>similar</u> case in Missouri, a detainer was lodged against a prisoner by the Missouri parole Board with a minnesota prison. In that case, the prisoner alleged the detainer was void because the Missouri's parole board violated his rights under Mo. Ann. Stat. Section 558.011.4. Further, he claimed that he had served the 5 years maximum parole as provide under Section 558.011.4. However, the U.S. District Court held that the statute applied to those convicted as of 1979, and the prisoner was convicted in Missouri in 1961. Therefore, the prisoner was not entitled to relief sought in his Habeas Corpus petition, See <u>Thompson</u> v. <u>Missouri Bd. Of Parole</u>, 929 F.2d 396 (8th Cir. 1991). In Contrast, in the instant case the Ala. Code 1975 Section 14-9-41(g)(2) is applicable to the petitioner because it was enacted prior to his indictment in February 1984, See Exhibit (1)

Cont.    [Declaratory Judgment]

[Argument]

Hence, there is an obvious controversy, and a separate subject matter jurisdiction dispute. Where, a Declaratory Judgment claim must have an actual controversy, and a separate subject matter jurisdiction, See Title 28 U.S.C. Section 2201. First, petitioner alleged injury in fact, i.e. petitioner is currently serving time on the 30 years sentence in Staton Correctional facility in Elmore County, Alabama. Second, Elmore County is located in Middle District of Alabama for the U.S. District Court. Further, the U.S. District Court has subject matter jurisdiction on the declaratory judgment, due to fact, petitioner has alleged a meritorious violation of his right to equal protection of Law, and he has suffered economic injury, due to fact, he lose his job, See Artichoke Joe's v. Norton, 216 F. Supp. 2d 1084 (2002, ED Cal) (plaintiff properly alleged injury in fact, when they alleged violation of their rights to equal protection, and economic injury). In Fact, the purpose of Section 2201 is to provide the opportunity to clarify rights and legal

Pg 11

Cont.   [Declaratory Judgment]

[Argument]

relationships without for adversary to file a suit for damages, <u>Fireman's Fund Ins. Co. v. Ignacio</u>, 860 F.2d 353 (1988, CA 9 Guam). In addition, Federal District Court bears broad discretion in exercising its jurisdiction over Declaratory judgment actions, See <u>U.S. Fidelity and Guar. Co. v. Algernon-Blair, Inc.</u>, 705 F. Supp. 1507 (M.D. Ala. 1988)

In Summation, the petitioner has articulated his assertion on Ala. Code 1975 Section 14-9-41(g)(2) that Alabama relinquished its' personal and subject matter jurisdiction over the petitioner by ordering the Alabama 30 years sentence to run concurrent with the Ohio 55 years sentence <u>which in essence caused the Alabama 30 years sentence to cease to exist</u>; Thus, Alabama had no legal authority to remove the petitioner from the State of Ohio on a 30 years sentenced which by its own law ceased to exist. Accordingly, as cited in <u>Hicks</u>, supra; Alabama violated it own law which resulted in a deprivation of the petitioner's liberty, and constituted a violation of the <u>Due Process Clause</u> of the

pg 12

Cont.              [Declaratory Judgment]

[Argument]

Fourteenth amendment. Therefore, the petitioner prays relief sought of the nullity of the Alabama 30 years sentence, and permanent injunctive relief prohibiting Alabama from lodging a detainer against him for parole violation. In addition, the petitioner seek compensatory damages for his lost wages, and punitive damages for violation of his constitutional rights, and the intentional infliction of Emotional Duress. Where, petitioner prays that a declaratory judgment will be granted, and that he receives any other relief in which he is entitled.

Where, petitioner verify under the penalty of perjury that the foregoing information is true and correct.

10-26-06                    _Harvey Bush_
Date Executed              (Prose) Signature

Sworn and Subscribed before me,
_James H. Lindsey Jr._, a notary public.

10/26/06                   _James H. Lindsey Jr._
Date Executed              Notary Public

1/28/08 Elmore, Al.
Date Comission expires

## Certificate of Service

I, Horace Bush, the petitioner certify that I have served a copy of the petition on Dana L. Pittman, assistant attorney general at Alabama Bd. of Pardon and Parole.; P.O. Box 302405; Montgomery, Al 36130; phone (334) 242-8700; Dana.Pittman@paroles.alabama.gov.; by U.S. Mail.

10-26-06
Date

*Horace Bush*
(Pro Se) Signature

Return Address:
Horace Bush, AIS#138454
Staton C.F.
P.O. Box 56
Elmore, Al 36025

Exhibit (12)

Grand Jury No. 198

**THE STATE OF ALABAMA.**
**Mobile County.**

CIRCUIT COURT OF MOBILE COUNTY

February Session, 19 84

The GRAND JURY of said County charge, that, before the finding of this indictment

HORACE BUSH

whose name is to the Grand Jury otherwise unknown than as stated,

did in the course of committing a theft of a wallet containing lawful currency of the United States of America, the specific denomination(s) of said currency being unknown to the Grand Jury, of the approximate aggregate value of one dollar ($1.00), the property of Billy Stafford, use or threaten the imminent use of force against the person of Billy Stafford, with intent to overcome his physical resistance or physical power of resistance, while the said HORACE BUSH was armed with a deadly weapon, to-wit: a gun, in violation of §13A-8-41 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

Chris N. Galanos
District Attorney for the 13th Judicial Circuit of Alabama
(County of Mobile)

No Prosecutor

A True Bill

_____
Foreman of the Grand Jury.

Bail fixed in open court at $ 10,000 this the 10 day of February 19 84

_____
Judge.

Presented to the Court by the Foreman of the Grand Jury in the presence of 14 other Grand Jurors

Filed in open court this the 10 day of February 19 84

EXHIBIT (a)

84-1402

5/23/84   On Motion of State and with consent of defendant count added charging Robbery 3rd.
Defendant withdrew plea of not guilty to Robbery 1st and plead guilty to Robber 3rd.
The Court having ascertained in open court that, (1) the defendant understands his constitutional rights, the nature of the crime charged in this indictment, and the consequences of his guilty plea, and (2) the defendant understandingly and voluntarily waives his constitutional rights and pleads guilty.
It is further ordered that the defendant be and is hereby adjudged guilty of Robbery 3rd, and is now sentenced by the court to imprisonment in the State Penitentiary for the term of 30 years.
Defendant to be given credit for  29 days  for time spent in jail.
Defendant's attorney, Lee Stamp, in court.
Done on recommendation of Assistant District Attorney Gloria Bedwell.

Motion to Correct or Amend Sentence filed by Attorney Gary Porter June 14th, 1984

6/15/84   Motion to Correct or Amend Sentence, filed June 14th, 1984 - Granted.
With consent of Assistant District Attorney Lloyd Copeland, Sentence order of May 23rd, 1984 amended to read:
Sentence in this case to run concurrently with sentence imposed upon the defendant in the State of Ohio.
(done with consent of Assistant District Attorney Lloyd Copeland)

**Minute Book**

Exhibit (3)

84-140



STATE OF ALABAMA )

COUNTY OF MOBILE )

I, Maurice W. Castle, Jr., Clerk of the Circuit Court of Mobile County, Alabama, do hereby certify that the attached are true, correct and accurate copies of the judgment in the case of the STATE OF ALABAMA vs. HORACE BUSH

Case Number CC77-660, CC77-661, CC77-662

as the same remains of record in my office.

Witness my hand this the 30th day of April, 1984.

Maurice W. Castle Jr.
Clerk of the Circuit Court
of Mobile County, Alabama.

COPY