```
         IN THE UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF ALABAMA
                 NORTHERN DIVISION
```

HORACE BUSH, #138454,
      Petitioner,

v.                    CASE NO. 2:06-CV-982-WKW

LEON FORNISS, et al.,
      Respondents.

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

    **COME NOW**, the Alabama Board of Pardons and Paroles, hereinafter referred to as the Board, represented by the undersigned counsel, and shows the Court as follows:

    1.   Petitioner challenges the application of Ala. Code §14-9-41(g)(2) in relation to his thirty (30) year sentence that is running concurrently with his fifty-five (55) year Ohio sentence. Petitioner claims that the State of Alabama relinquished personal and subject matter jurisdiction over his thirty (30) year Alabama sentence by ordering said sentence to run concurrently with his fifty-five (55) year Ohio sentence.

    2.   Petitioner claims that his thirty (30)

years sentence ceases to exist under Ala. Code §14-9-41(g)(2), because the law states that "when a prisoner is serving two or more sentences which run concurrently, the sentence which results in the longer period of incarceration yet remaining shall be considered the term which such prisoner is sentenced for purpose of computing his release date" (quoted from Petitioner's complaint, page 6, paragraph 2 and page 7, paragraph 1).

    3.    Petitioner claims that the State of Alabama had no legal authority to remove him from the State of Ohio on the basis of an Alabama detainer lodged against him for a parole violation because his thirty (30) year Alabama sentence ceases to exist.  It appears that the gist of Petitioner's claims deal with the Board's jurisdiction to initiate revocation proceedings and the revocation of his parole, even though he claims the State of Alabama lost personal and subject-matter jurisdiction over him.

    4.    Petitioner has failed to exhaust state

court remedies in relation to his claims against the Board prior to his instituting this action, as required by *28 U.S.C.A. §2254.*

5.   The proper avenue to challenge the actions of the Alabama Board of Pardons and Paroles in relation to parole decisions and parole revocation procedures is a by petition for writ of certiorari with the Circuit Court of Montgomery County.  See <u>Gholston v.  Board of Pardons & Paroles, 627 So.2d 945 (Ala.Civ.App.1993)</u>.  See *Sellers v. State, 586 So.2d 994 (Ala. Crim. App. 1991).*

6.   None of the defaulted claims in Petitioner's Application for Habeas Corpus that relate to the Alabama Board of Pardons & Paroles have been presented to the state court.  All of the claims presented by Petitioner in his Application for Habeas Corpus could have been brought in state court under a common-law writ of certiorari in Montgomery County Circuit Court.  See *Gholston, supra*.  This Court is barred from reviewing Petitioner's claims.

7.   This Court should take notice that Petitioner previously filed an action challenging the

3

same revocation proceeding in the Middle District of Alabama Civil Court Case Number: 2:05CV428.  In the previous action, Petitioner alleged that the Board did not have subject matter or personal jurisdiction over his 30 year Alabama sentence.  Petitioner failed to exhaust state court remedies in Case Number: 2:05CV428.  On November 3, 2006, this Court entered an order denying Petitioner's request for writ of habeas corpus relief, without prejudice, to afford Petitioner the opportunity to exhaust all state court remedies available to him.  ***Exhibit A***.

    **WHEREFORE**, based on the foregoing, Petitioner's Application for Habeas Corpus is due to be **DENIED**.

                              Respectfully submitted,
                              TROY KING
                              ATTORNEY GENERAL
                              KIN 047

                              GREGORY O. GRIFFIN, SR.
                              CHIEF COUNSEL
                              GRI026

                              s/DANA L. PITTMAN
                              ASSISTANT ATTORNEY GENERAL
                              STATE BAR#:  ASB-7192-A57P
                              ALA. BD. OF PARDONS & PAROLES
                              P.O. BOX 302405
                              MONTGOMERY, AL  36130
                              TELEPHONE: (334)242-8700
                              FAX: (334)353-4423
                              Dana.Pittman@paroles.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on 11-21-06, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that, on 6-12-06, I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**HORACE BUSH**
**AIS# 138454**
**STATON CF**
**P.O. BOX 56**
**ELMORE, AL  36025**

Done this 21ST  day of <u>NOVEMBER</u>, 2006.

Respectfully submitted,

s/DANA L. PITTMAN
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-7192-A57P
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Dana.Pittman@paroles.alabama.gov

5

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HORACE BUSH, #138454, <br> a.k.a., JESSIE WILLIAMS <br><br> Petitioner, <br><br> v. <br><br> LEON FORNISS, et al., <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:06-CV-428-MHT <br> ) [WO] <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Horace Bush ["Bush"]. The respondents filed an answer in which they assert that the instant habeas petition should be dismissed because Bush has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, the respondents maintain that Bush may present his claims challenging the revocation of his parole in a petition for writ of certiorari with the Circuit Court of Montgomery County, Alabama. *Respondents' Answer* at 1-2; *Sellers v. State*, 586 So.2d 994, 995 (Ala.Cr.App.1991) ("[T]here being no statutory right to appeal or other adequate remedy at law for reviewing the actions of the [Alabama Board of Pardons and Paroles] in reference to the granting, denying, or revocation of paroles, certiorari is the appropriate remedy for review of such actions.").



Upon review of the respondents' answer, the court entered an order affording Bush an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state remedies. *See Order of July 14, 2006 - Court Doc. No. 13*. The petitioner has filed nothing in response to this order.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). "[Bush] . . . is in custody pursuant to his original state conviction and sentence, despite the fact that his current incarceration resulted from an administrative proceeding of an executive branch agency instead of a court." *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004). It is clear from the pleadings filed in this case that Bush has not yet exhausted his available state court remedies with respect to the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Bush's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of any state court collateral proceeding Bush may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that on or before November 16, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of November, 2006.

                         /s/Charles S. Coody
                         CHARLES S. COODY
                         CHIEF UNITED STATES MAGISTRATE JUDGE