IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HORACE BUSH, #138454, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   CASE NO. 2:06-CV-982-WKW |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
|     Respondents. | ) |

**ORDER**

In their answer filed with this court on November 21, 2006, the respondents assert that the petitioner has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, the respondents maintain that the petitioner may present his claims challenging the revocation of his parole in a petition for writ of certiorari with the Circuit Court of Montgomery County, Alabama. *Respondents' Answer* at 2-3; *Sellers v. State*, 586 So.2d 994, 995 (Ala.Cr.App.1991) ("[T]here being no statutory right to appeal or other adequate remedy at law for reviewing the actions of the [Alabama Board of Pardons and Paroles] in reference to the granting, denying, or revocation of paroles, certiorari is the appropriate remedy for review of such actions.").

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "[Bush] . . . is in custody pursuant to his original state conviction and sentence, despite the fact that his current incarceration resulted from an

administrative proceeding of an executive branch agency instead of a court." *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004). It is clear from the pleadings filed in this case that the petitioner has not yet exhausted his available state court remedies with respect to the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of any state court collateral proceeding Bush may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). Accordingly, it is

ORDERED that on or before December 8, 2006 the petitioner shall show cause why his petition should not be dismissed for failure to exhaust available state remedies.

Done this 27th day of November, 2006.

    /s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE