In The District Court Of The United States For The Middle District Of Alabama

| | |
|---|---|
| Horace Bush, Petitioner | * * |
| v. | * Case No. CV-982-WKW |
| State Of Alabama, et.al Respondents | * 2:06cv982-WKW * * |

RECEIVED
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

SCANNED

## Motion To Show Cause

Comes Now, Horace Bush, the petitioner in the above styled cause to show cause pursuant to Title 28 U.S.C. Section 2254 et.seq., and 28 U.S.C. Section 2201.

Whereas, on November 27th, 2006 the Honorable Charles S. Coody entered an order for the above petitioner to show cause why his petition should not be dismissed for failure to exhaust available state remedies. Wherefore, the petitioner asserts the following reasons for the petition not to be dismissed pursuant 28 U.S.C. §2254 (1)(b)(2):

First, the petitioner filed for a Declaratory Judgment pursuant to Title 28 U.S.C. Section 2201 requesting the Honorable Court to determine whether the State Of Alabama relinquished it's personal and subject matter jurisdiction over petitioner pursuant to Alabama Code 1975 Section 14-9-41(g)(2) which states

## Show Cause

When a prisoner is serving two or more sentences which are to run concurrently, the sentence which results in the longer period of incarceration yet remaining shall be considered the term to which such prisoner is sentenced for purpose of computing his release date. Furthermore, when a second prison sentence was ordered to run concurrently with the first sentence, the sentence which has the longer period of incarceration remaining in essence cause the shorter sentence to cease to exist, cited in Morrison v. State, 687 So.2d 1259 (Ala. Crim. App. 1996); Also, Henley v. Johnson, 885 F.2d 790 (11th Cir 1989). In the instant case, the petitioner's 30 years sentence in the State of Alabama was ordered to run concurrent with his 55 years sentence in the State of Ohio; Thus, the 55 years sentence from the State of Ohio caused the 30 years sentence from the State of Alabama to cease to exist according to Alabama Code 1975 Section 14-9-41(g)(2). Hence, the [main issue] in the original petition was whether Alabama had abided by its own statue, i.e. Ala. Code 1975 §14-9-41(g)(2) by lodging a

<u>Show Cause</u>

detainer against petitioner. Where, in <u>Hicks</u> v. <u>Oklahoma</u>, 65 L.Ed.2d 175 (1979) (the U.S. Supreme held when a state's failure to abide by its <u>own Laws</u> that results in a deprivation of liberty constitutes a violation of the <u>Due Process Clause</u> of the fourteenth Amendment of the U.S. Constitution) Hence, in the instant case, the State of Alabama failed to abide by its own statute, i.e. Section 14-9-41(g)(2), and it has deprived the petitioner of his liberty in violation of the <u>Due Process Clause</u> of the 14th Amendment of the U.S. Constitution. Thus, the petitioner filed for a Declaratory Judgment pursuant to Title 28 U.S.C. 2201 requesting that the Honorable Court to clarify his <u>rights</u> and legal relationship to Alabama. See <u>Fireman's Fund Ins. Co.</u> v. <u>Ignacio</u>, 860 F.2d 353 (1988, CA 9 Guam) (Court held pursuant to 28 U.S.C.A 2201 provides the opportunity to clarify rights and legal relationships..... ect.) In Such, the petitioner asserts that he has <u>no</u> legal relationship with Alabama because it relinquished its' subject matter and personal jurisdiction when it ordered his 30 years State of Alabama Sentence

## Show Cause

to run concurrent with a 55 years State of Ohio sentence. See Ala. Code 1975 § 14-9-41(g)(2). In fact, the petitioner is not contesting whether he should be in "custody", but whether the State of Alabama has a right to hold him in custody. Where, the petitioner avers that he should be subject <u>only</u> to the State Of Ohio, and the appropriate remedy is a <u>Declaratory Judgment</u> to clarify his rights, and his legal relationship to the State Of Alabama; where, the petitioner asserts on 6/15/1984 in the Circuit Court of Mobile County, Alabama that the Court ordered his 30 years Alabama's sentence to <u>run</u> concurrent with his 55 years Ohio's sentence; Thus, the State of Alabama relinquished its' subject matter and personal jurisdiction over the petition. Furthermore, Assistant District Attorney Lloyd Copeland consented to the <u>Motion to Correct</u> or <u>Amend</u> Sentence which was certified by the Circuit Clerk, Maurice W. Castle. See Previous Exhibits 2 and 3. Furthermore, in <u>MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. Of Newark, N.J.</u>, 558 F. Supp. 596 (D.C. Ala. 1983) (the Court held the availability of other adequate

pg 5

## Show Cause

remedies does [NOT] alone weight against rendition of declaratory relief, but test is whether or not other remedies are more effective or efficient. In the instant case, there is an actual controversy, i.e. whether the State Of Alabama had relinquished its jurisdiction over petitioner, and there is a question of whether Alabama retained its subject matter jurisdiction, see Title 28 U.S.C. 2201/Declaratory Judgment, Calderon v. Ashmus, 523 U.S. 740, 140 L.Ed.2d 970 (1998)( the U.S. Supreme Courts held that Article III of U.S. Constitution required that Federal Courts decide only actual cases or controversies.) In the instant case, Alabama obviously think it had the authority to subject the petitioner to a parole, and parole revocation. In contrast, the petitioner avers that Alabama relinquished its' authority to parole, revoke parole or even detain him at the sentencing on 6/15/1984. See Previous Exhibits 1, 2 and 3. Therefore, the petitioner respectfully request that this petition on a declaratory judgment be granted.

Second, the petitioner avers that the instant case is not an action under Title 28

pg 6

## Show Cause

Section 2254; and thus, the provision pursuant to 28 U.S.C. §2254(1)(b)(1)(A) is <u>Not</u> applicable in the <u>instant</u> case. In the State's Answer, the State of Alabama avers that the gist of the petitioner's claims deal with the Board's (Alabama Board of Pardon & Parole) jurisdiction to initiate revocation proceedings and the revocation of parole, even though he claims the State of Alabama lost personal and subject matter jurisdiction over him. Hence, the State acknowledges that the petitioner is challenging the legality or right of Alabama to subject him to parole, parole revocation or detainer. Where, petitioner avers he is not challenging the parole procedures, parole revocation hearing judgment, nor the extradition procedures. In contrast, the petitioner asserts he should have never been subject to any of the procedures, but Alabama relinquished it's rights to subject him to these pursuant to Ala. Code 1975 Section 14-9-41(g)(2). Therefore, petitioner has <u>clearly</u> requested the Honorable Court to declare his rights and legal relationship to the State of Alabama. Thus, the State's assertion of a remedy of Certiorari review

## Show Cause

is inapplicable to petitioner; due to fact, he is not challenging the revocation of parole. However, Alabama has a <u>Uniform Declaratory Judgment Act</u> pursuant to Ala. Code 1975 Sections 6-6-204 through 6-6-232, See <u>Thompson v. Alabama Bd of Pardons + Parole</u>, 794 So.2d 446 (Ala. Crim. App. 2001)(The Court held that a Declaratory Judgment was a civil action which must be appealed to the Alabama Court of Civil Appeals). Another case, <u>Cody v. Ala. Bd. of Pardon + Parole</u>, 819 So.2d 633 (Ala. Civil App. 2001)(The Alabama Court of Civil Appeals held that the petition was <u>not</u> one for Declaratory Judgment, but rather postconviction writ, and the Court of Criminal Appeals had jurisdiction). Hence, the <u>Alabama Uniform Declaratory Judgment Act</u> has mixed reviews as to the actions involving the Alabama Board of Pardons and Parole. Under the <u>Doctrine Of Comity</u>, the U.S. Supreme Court held the Federal Courts have discretion to address the merits, or remand based on interests of comity and Federalism; However, exceptional circumstances require prompt federal intervention are shown to exist in order to reach the merits of the petition to avoid delay in granting relief that is plainly warranted, See

## Show Cause

Granberry v. Greer, 95 L.Ed.2d 119 (1987). In the instant case, the petitioner would be required to file for a declaratory ruling from the Alabama Board of Pardon & Parole pursuant to Ala. Code 1975 § 41-22-11(a); and the Board would have 45 days to issue the ruling or not issue a ruling, see §41-22-11(B), Ala. Code 1975. After which, petitioner would have to file for Declaratory Judgment in the Montgomery Circuit Court. Following, if necessary; the petitioner would have to appeal to the Court of Civil Appeals, then petition the Alabama Supreme Court for Certiorari to the Alabama Court of Civil Appeals a process which would take years. Therefore; according to Granberry, supra, the instant case, is an exceptional circumstance requiring prompt federal intervention, because the petition has already been incarcerated since December 7th, 2004; and the Alabama Board of Pardon & Parole has set a new parole review on or about November 1st, 2006 for November 1st, 2009. Thus, the petitioner would suffer approximately four years of incarceration if the Federal Court decline to review his petition for Declaratory Judgment for relief which is plainly warrant pursuant to Ala. Code 1975 § 14-9-41 (g)(a). In addition, the actions of the Alabama Board of Pardon and Parole falls under

## Show Cause

<u>Teague</u> exceptions which includes: (1) "Certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe. (2) If it requires the observance of "those procedures that... are implicit in the concept of ordered liberty. Although Ala. Code 1975 §14-9-41(g)(2) is <u>not a retroactive</u> application of law to petition case; <u>Certainly</u>, the state of Alabama Board of Pardon & Parole has gone beyond the authority of Lawmakers, and has abridged the rights of ordered liberty granted to the petitioner on 6/15/1984 which his Alabama 30 years sentence was ordered to run <u>concurrent</u> with a 55 years sentence in The State Of Ohio in essence under <u>Alabama Codified Statutory Law</u> caused the Alabama sentence to cease to exist, see Ala. Code 1975 §14-9-41(g)(2).

In Summation, the petitioner avers that in the best interest of justice that the Honorable Court modify the order reinstating his declaratory judgment action because the petitioner is <u>not</u> contesting his restrained liberty, but rather that Alabama is not the proper custodial state. In addition, it would be a futile and long legal process in the Alabama Court system to try to obtain

## Show Cause

the appropriate relief. Furthermore, the State averred that the proper avenue to challenge the actions of Alabama Board of Pardons and Paroles related to parole decision and parole revocation procedures is by petition for Writ of Certiorari in the Circuit Court of Montgomery; Gholston, supra. 627 So.2d 945 (Ala. Civ. App. 1993). However, it is clear from the citations and style of the original petition that petitioner filed an action for Declaratory Judgment; where, petitioner does not challenge either a parole decision or parole revocations, but rather he avers that the State of Alabama relinquished its' personal and subject matter jurisdiction; thus, the State had <u>no</u> authority to subject him to a parole decision nor a parole revocation procedure. Therefore, the petitioner asserts that this was <u>not</u> an action pursuant to Title 28 U.S.C. 2254; Thus, the provision of 28 U.S.C. 2254(1)(b)(2) does <u>not</u> apply in the <u>instant case</u>.

Therefore, the petitioner prays relief sought of a Declaratory Judgment will be granted, and he will be transferred to the appropriate authorities in the State of Ohio.

_Dec. 5-06_  
Date Executed

_Horace Bush_  
(Pro Se) Signature

## Certificate Of Service

I, Horace Bush, the petitioner certify that I have served a copy of the foregoing Motion to Show Cause, on Dana Pittman, Assistant Attorney General; Ala. Bd. Pardons & Paroles; P.O. Box 302405; Montgomery, Al 36130 by U.S. Postal Services on this the _____ day of December 2006.

Dec. 5-06
Date Executed

Horace Bush
(ProSe) Signature

Return Address:
Horace Bush #138454
Staton CF
P.O. Box 56
Elmore, Al 36025