IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HORACE BUSH, #138454, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-982-WKW |
| | ) [WO] |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on 28 U.S.C. § 2201 petition filed by Horace Bush ["Bush"], a state inmate, currently confined due to the revocation of his parole.[1] In the instant petition, Bush challenges the constitutionality of the parole board's May 31, 2005 decision to revoke his parole.

**DISCUSSION**

On May 23, 1984, the Circuit Court of Mobile County, Alabama convicted Bush of third degree robbery and sentenced him to thirty (30) years imprisonment. *See Petitioner's Exhibit 2*. On June 15, 1984, the trial court ordered this sentence "to run concurrently with [the 55-year] sentence imposed upon [Bush] in the State of Ohio." *Id*. Bush contends that

---

[1]This section, known as the Declaratory Judgment Act, provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...."

the State of Alabama "relinquished ... [all] jurisdiction over petitioner when [the trial] court ordered his 30 years sentence to run <u>concurrent</u> with his 55 years sentence [imposed] by the State of Ohio" as such order caused the Alabama sentence "to cease to exist ..." *Petition for Relief* at 4-5. Bush requests issuance of a declaratory judgment nullifying the Alabama sentence and reversing the decision to revoke parole. He also seeks a permanent injunction prohibiting Alabama from exercising any authority over him with respect to the 30-year sentence.

Upon review of the pleadings filed by the parties, the court concludes that Bush is entitled to no relief from this court.

## A. Relief Under 28 U.S.C. § 2201

The law bars use of the Declaratory Judgement Act for the purpose set forth by Bush. *Calderon v. Ashmus*, 523 U.S. 740, 746-748, 118 S.Ct. 1694, 1698-1699 (1998); *Coffman v. Breeze Corp.,* 323 U.S. 316, 65 S.Ct. 298, 89 L.Ed. 264 (1945) (where petitioner seeks declaratory judgment as to the validity of a defense which may be litigated in a habeas corpus proceeding, no justiciable question exists to confer jurisdiction under 28 U.S.C. § 2201); *see also Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 245-246, 73 S.Ct. 236, 241-242, 97 L.Ed. 291 (1952). As noted in *Calderon*,

> The disruptive effects of an action [for declaratory judgment] are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding. For we have held that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas

> sections of Title 28 of the United States Code. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841-1842, 36 L.Ed.2d 439 (1973). As that opinion pointed out, this means that a state prisoner is required to exhaust state remedies before bringing his claim to a federal court. *Id.*, at 489-491, 93 S.Ct., at 1836- 1837. But if [the petitioner] is allowed to maintain the present action, he would obtain a declaration [on an issue which must be brought] in a federal habeas action without ever having shown that he has exhausted state remedies.

523 U.S. at 747-748, 118 S.Ct. at 1699. Consequently, the court "conclude[s] that this action for a declaratory judgment and injunctive relief is not a justiciable case within the meaning of Article III." 523 U.S. at 749, 118 S.Ct. at 1700.

### B. Habeas Corpus Relief

To the extent Bush presents claims appropriate for determination in a habeas corpus petition, he is likewise entitled to no relief. The respondents filed an answer in which they assert that any request for habeas relief should be dismissed because Bush has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, the respondents maintain that Bush may present his claims challenging the revocation of his parole in a petition for writ of certiorari with the Circuit Court of Montgomery County, Alabama. *Respondents' Answer* at 2-3; *Sellers v. State*, 586 So.2d 994, 995 (Ala.Cr.App.1991) ("[T]here being no statutory right to appeal or other adequate remedy at law for reviewing the actions of the [Alabama Board of Pardons and Paroles] in reference to the granting, denying, or revocation of paroles, certiorari is the appropriate remedy for review of such actions."). In response to the respondent's answer, Bush merely argues that

3

he seeks relief from this court under 28 U.S.C. § 2201 and should therefore be allowed to proceed herein without first exhausting available state remedies. However, as previously determined, federal case law prohibits use of the Declaratory Judgment Act for the purpose of challenging the validity of Bush's confinement. *Calderon*, 523 U.S. at 747-748, 118 S.Ct. At 1698-1699.

Because Bush is "in custody pursuant to the judgment of a State court" any habeas petition he files is subject to the procedural restrictions set forth in 28 U.S.C. § 2254. *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004); *Medberry v. Crosby,* 351 F.3d 1049, 1060 (11th Cir. 2003). A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). "[Bush] . . . is in custody pursuant to his original state conviction and sentence, despite the fact that his current incarceration resulted from an administrative proceeding of an executive branch agency instead of a court." *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

The documents filed in this case demonstrate that Bush has not yet exhausted his available state court remedies with respect to his challenge to the revocation of parole. This court does not deem it appropriate to rule on the merits of Bush's claims without first requiring that he exhaust all remedies available to him before the state courts. *See* 28 U.S.C.

4

§ 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of any state court collateral proceeding Bush may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that to the extent Bush presents claims appropriate for habeas corpus review this case should be dismissed without prejudice so that Bush can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The request for declaratory judgement and permanent injunction be DENIED.

2. The claims for habeas corpus relief be dismissed without prejudice to afford the petitioner an opportunity to exhaust those state court remedies available to him. It is further

ORDERED that on or before December 27, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of December, 2006.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE