# In The United States District Court For The Middle District Of Alabama

Horace Bush,

    Petitioner

v.

State of Ala. Dept. of Corr.; Ala. Bd. Of Pardons & Parole,

    Respondents

Civil Case No. 06-CV-982-WKW

## Objections To Recommendations Of The Magistrate Judge

Comes Now, Horace Bush, the petitioner in the above styled cause to object to the recommendation of the Magistrate judge pursuant to Title 28 U.S.C. Section 2201.

### [Procedural History]

On May 9th, 2006, the petitioner filed a Writ of Habeas Corpus challenging the revocation of his parole, and the lack of jurisdiction to revoke his parole and he was denied Due process during the revocation proceeding, See 06-CV-428-MHT. On or about November 2006, the Magistrate Judge, Charles Coody recommended that the Writ of Habeas Corpus be dismissed without prejudice to afford the petitioner an opportunity to file a Certiorari petition

Cont.

## Objections

in the Circuit Court of Montgomery, Alabama. Where, Certiorari review is the appropriate remedy to contest the revocation of parole, and parole proceedings, see Gholston v. Bd. of Pardons & Paroles, 627 So.2d 945 (Ala. Civ. App. 1993). Following, the District Judge adopted the recommendation. In Contrast, the petitioner filed for a Declaratory Judgment on 10/26/06, See 06-CV-982-WKW. In the Declaratory Judgment petition, the petitioner does [NOT] challenge the granting of parole, parole revocation procedures nor the revocation of parole; Instead, the petitioner avers that the State of Alabama relinquished its' subject matter and personal jurisdiction; thus, he was [not] lawfully subject to the granting of parole in Alabama, parole revocation procedures of Alabama, nor the revocation of his parole. In short, he should have never been subject to any process in Alabama, because under Alabama's Statutory Law pursuant to Ala. Code 1975 §14-9-41(g)(2) states when a prison is serving two or more sentences which run concurrently, the sentence which

Cont.          <u>Objections</u>

results in the longer period of incarceration yet remaining shall be considered the term to which such prisoner is sentenced for the purpose of computing his release date. However, in the magistrate judge's order from November 3rd, 2006, he stated "This is before the Court on a 28 U.S.C. § 2254 petition for Habeas Corpus relief filed by Horace Bush ["Bush"], a state inmate, on October 26th, 2006.", See <u>06-CV-982-WKW</u>. Afterwhich, the petitioner filed a <u>Motion to Show Cause</u> in which he reasserts that his petition is of the contents based on citations to Federal statutory law, Federal Case law and Alabama statutory law; it's <u>clearly</u> is an action for Declaratory Judgment. following, on December 13rd, 2006 the Magistrate Judge recommended that the request for declaratory judgment and permanent injunction be denied. See Id at pg 5 Thus, the petitioner brings that following objections to the Magistrate Judge's Recommendation.

[ <u>Facts</u> ]

Whereas, in February of 1984, the petitioner was indicted for the offense of Robbery in the First degree pursuant

cont.

## Objections

to Ala. Code 1975 Section 13A-8-41, see Petitioner's prior Exhibit 1. After which, petitioner filed for a speedy trial while he was incarcerated in the State of Ohio's penitentiary, and he was returned to Alabama to face the Robbery 1 charge within or about 120 days pursuant to Uniform Mandatory Disposition Of Detainers Act, See Ala. Code 1975 § 15-9-81; Also Smith v. Hooey, 21 L.Ed.2d 607 (1969)(Court held the sixth amendment right to a speedy trial made obligatory on the States by the fourteenth amendment may not be dispensed with merely because the accused under a State charge is serving a prison sentence imposed by another jurisdiction, but that the state in such case, upon the accused's demand, has a constitutional duty to make a diligent, good-faith effort to bring him before the trial court). As a Result, on 5/23/1984, the petitioner entered a guilty plea to Robbery in the third degree pursuant to Alabama Code 1975 § 13A-8-43, see Exhibit 2. In addition, the petitioner's sentence was amended with the consent of the Assistant District Attorney of Mobile County, Alabama to run his 30 years

Cont.                    Objections

concurrently with the 55 years sentence imposed on the petitioner in the State Of Ohio. See Petitioner's prior Exhibit 2 & 3. Furthermore, Maurice W. Castle, Jr., the Clerk of the Circuit Court of Mobile County, Alabama certified the judgment on Case No. CC-77-660, 661, 662. See Exhibit 3. Afterwhich, the petitioner was returned to the State of Ohio's penitentiary. On or about September 4th, 2001; the petitioner was paroled from Ohio. Whereupon, the petitioner was transferred to the State of Alabama which granted parole on or about July 28th, 2002; and the petitioner returned to Ohio. On December 7th, 2004, the Adult Parole Authority issued a warrant for the petitioner. Afterwhich, the petitioner was arrested on or about January 2nd, 2005. Following, the petitioner was transferred on or about January 23rd, 2005 to the State of Alabama which revoked his parole on May 31st, 2005. Where, the petitioner is currently incarcerated in the Alabama State prison system at Staton Correctional Facility in Elmore County, Alabama.

[Standard of Review]

1. Calderon v. Ashmus, 523 U.S. 740; 140 L.Ed.2d 970 (1998)( The U.S. Supreme

Cont.        Objections

Court held that Article III of the U.S. Constitution required that Federal Courts decide only actual cases or controversies.)

2) Fireman's Fund Ins. Co. v. Ignacio, 860 F.2d 353 (1988, CA 9 Guam) (The 9th Circuit held that 28 U.S.C. 2201 provides the opportunity to clarify rights and legal relationships... ect.)

3). Hicks v. Oklahoma, 65 L. Ed. 2d 175 (1979)( the U.S. Supreme Court held when a state's failure to abide by its own Laws that the result is a deprivation of liberty constitutes a violation of Due Process Clause of the fourteenth Amendment)

4) Ala. Code 1975 Section 14-9-41(g)(2) "When a prisoner is serving two or more sentences which run concurrently, the sentence which results in the Longer period of incarceration yet remaining shall be considered the term to which such prisoner is sentenced for the purpose of computing his release date." Citing Henley v. Johnson, 885 F.2d 790 (11th Cir 1989).

[Issue]

A. Whether Alabama relinquished its personal and subject matter jurisdiction over petitioner when it ordered his 30 years sentence from Alabama to run concurrently

Cont.                    Objections
with a priorly imposed 55 years sentence ordered by the State of Ohio?

[ Argument ]

In his recommendation, the Magistrate judge states the law bars the use of the declaratory Judgment Act for the purpose set forth by Bush, citing Calderon v. Ashmus, 523 U.S. 740 (1998) and Coffman v. Breeze Corp., 323 U.S. 316 (1945). In Calderon, supra, the petitioner sought a declaratory judgment on California's qualification under Chapter 154; 28 U.S.C. §§ 2261-2266, where such, he sought an advisory opinion in order to gain a legal advantage prior to filing a federal Writ of Habeas Corpus on an affirmative defense which the State of California could use in its answer to the writ filed by an inmate on death row. Where, the U.S. Supreme Court concluded that this action for declaratory judgment and injunctive relief was not justiciable under Article III of U.S. Constitution, because any judgment in the action would not resolve the entire case, but rather give the party an advantage

cont.  **Objections**

in filing a Federal Writ of Habeas Corpus. Furthermore, the U.S. Supreme Court held only actual cases of controversy require declaratory relief, not mere advisory opinion. In contrast, the petitioner was serving a 55 years sentence in Ohio when he filed for a speedy trial in Alabama. In addition, Alabama ordered that it 30 years sentence run currently with the 55 years sentence from Ohio. Thus, under Alabama statutory Law, i.e. Ala. Code 1975 Section 14-9-41(g)(2) which states "when a prisoner is serving two or more sentences which run concurrently, the sentence which results in the longer period of incarceration yet remaining shall be considered the term to which such prisoner is sentenced for the purpose of computing his release date. Cited in Henley v. Johnson, 885 F.2d 790 (11th Cir 1989). Hence, In the instant case, the petitioner has suffered an actual injury, and its' a controversy as to his legal relationship to Alabama. Where, the Alabama authorities obviously implement or initiated the process to return the petitioner to Alabama after he was paroled in Ohio on September 4th, 2001;

Cont.                    Objections

Where, he was granted parole on or about July 28th, 2002. Further, the Alabama officals felt they had authority to subject the petitioner to incarceration in the Alabama State penitentiary when it extradicted him from Ohio on or about January 23rd, 2005, and revoked his parole on May 31st, 2005. However, the Law is clear, the State of Alabama relinquished it jurisdiction when it ordered that his 30 years Alabama sentence run concurrently with his 55 years Ohio Sentence, See Ala. Code 1975 §14-9-41(g)(2), cited in Morrison v. State, 687 So. 2d 1259 (Ala. Crim. App. 1996)(when a second prison sentence was ordered to run concurrently with the first sentence, the sentence which has the longer period of incarceration remaining in essence cause the shorter sentence to cease to exist.) Whereupon, The State of Alabama has failed to abide by the provision of its' own law, i.e. Ala. Code 1975 §14-9-41(g)(2) which violates his rights under the fourteenth amendment of the U.S. Constitution, See Hicks v. Oklahoma, 65 L. Ed 2d 175 (1979)(the U.S. Supreme Court held

Cont.            Objections

when a state's failure to abide by its own Laws that the results is deprivation of liberty constitutes a violation of <u>Due Process Clause</u> of the fourteenth Amendment). Hence, <u>unlike</u> the death row inmates in California who sought an advantage by declaratory relief in filing a federal Habeas Corpus, <u>Calderon</u>, Supra.  In the <u>instant</u> case, there is an <u>actual</u> injury to petitioner and <u>controversy</u> as to his legal relationship to Alabama; thus, declaratory relief is appropriate in this case, as well as, a permanent injunction against the State of Alabama. As cited in <u>Fireman's Fund Ins Co. v. Ignacio</u>, 860 F.2d 353 (1988, CA 9 Guam) (The 9th Cir held that 28 U.S.C. 2201 provides the opportunity to clarify rights and legal relationships... ect).

Secondly, to the extent the Magistrate judge states the petitioner is challenging the revocation of parole. In short, the petitioner challenged such in a Writ of Habeas Corpus in Case No. 06-CV-428-MHT. However, it is clear from the contents of the original declaratory judgment petition and motion to show Cause that the petitioner is <u>not</u>

cont.          <u>Objections</u>

challenging the granting of parole, the parole procedures nor revocation of parole by the State Of Alabama, but rather Alabama relinquish or lacks jurisdiction to subject him to their parole procedures, and detain him in their prison system; whereas, it relinquish such rights under its own law, i.e. Ala. Code 1975 § 14-9-41(g)(2). Furthermore, he is not contesting his "custody", but rather where, he should be in custody, i.e. In the State of Ohio, and not the State Of Alabama. Therefore, a certiorari review as the state' asserted in its answer is inapplicable, because petitioner is not challenging the actions of the parole board, See <u>Gholston</u>, Supra. at 627 So.2d 945 (Ala. Civil App. 1993). Further, this petition was not a Habeas Corpus, because petitioner is not unlawfully in custody, but he is in custody under the authority relinquished by Alabama; thus, the proper custodial state is Ohio according to Alabama's own state statutory law, i.e. Ala. Code 1975 § 14-9-41(g)(2); Thus, the provisions

Cont.                    <u>Objections</u>

of 2254 et. seq. is inapplicable, as well as <u>Thomas v. Crosby</u>, 371 F.3d 782, Supra. (which petitioner attacked a decision of the State parole commission by filing pursuant to §2241, and the Court held he was subject to the procedural requirements of §2254 which applies to prisoners "in custody" pursuant to the judgment of a State Court). In that case, <u>Thomas v. Crosby</u>, Supra., the petitioner attacked the action of the state parole commission; In Contrast, the petitioner in the <u>instant</u> case is not attacking the decisions of the Alabama Board of Pardon and Parole, but rather he avers they had no authority to subject him to any of their actions, i.e. parole, parole guidelines, compact agreement, nor revocation because they <u>never</u> acquire subject matter or personal jurisdiction over him, because such was relinquish at the sentencing hearing pursuant to Ala. Code 1975 Section 14-9-41(g)(2). Hence, the petitioner is <u>not</u> attacking the actions taken by the Alabama Board of Pardons and Paroles, but rather the <u>authority</u> in which it claims gives it the right to subject the petitioner whom sentence had cease to exist as a result of a valid

## Objections

judgment entered the Circuit Court of Mobile County, Alabama on 6/15/1984, See prior Exhibits 2 & 3.

In Summation, the petitioner has suffered an <u>actual injury</u> and a <u>concrete controversy</u> exist between the petitioner and the State of Alabama. In <u>Steffel</u> v. <u>Thompson</u>, 39 L.Ed2d 505 (1974)( Judge Stewart stated in order to obtain a federal declaratory; there must be an <u>actual concrete</u> controversy between plaintiff and state agents; where, Article III of U.S. Constitution requires an "<u>actual controversy</u>." In addition, the plaintiff [petitioner] is <u>not</u> required to first seek vindication of his federal rights in a state declaratory judgment, See <u>Steffel</u>, supra at 39 L.Ed 2d id at pg 510. Hence, petitioner is suffering the Fourteenth amendment Due Process Clause violation at the hands of the State of Alabama which relinquished its' jurisdiction over him.

Secondly, pursuant to <u>Dombrowski</u> v. <u>Pfister</u>, 14 L.Ed.2d 22 (1965)( the U.S. Supreme Court held injunctive relief requires an <u>irreparable injury</u>). It is <u>clear</u> in the <u>instant case</u> that the petitioner has suffered an irreparable injury due to fact,

Cont.                     Objections

petitioner was returned to the State of Alabama after he was paroled on September 4th, 2001 until Alabama granted parole on or about July 28th, 2002. Again, the petitioner has suffered irreparable injury at the hands of the State of Alabama when he was transferred to the State on or about January 23rd, 2005 til the presence; even though, Alabama statutory law clearly shows it relinquished its subject matter and personal jurisdiction over him when it ordered the Alabama 30 years sentence to run concurrently with the Ohio 55 years sentence, because the Ohio 55 years sentence in essence caused the shorter Alabama 30 years sentence to cease to exist, See Morrison v. State, 687 So.2d 1259 (Ala. Crim. App. 1996), Supra.; Also, Henley v. Johnson, 885 F.2d 790 (11th Cir 1989), Supra.

Therefore, the magistrate judge's recommendation should be rejected by the District Court, and the petitioner respectfully prays for the relief of a declaratory judgment and a permanent injunction against the State of Alabama prohibiting it from returning petitioner

pg 15

cont.        <u>Objections</u>

to the State of Alabama in the future on parole revocation proceedings, because the Alabama statutory Law, i.e Alabama Code 1975 Section 14-9-41(g)(2) <u>clearly</u> states the longer 55 years Ohio Sentence in essence caused the shorter 30 years sentence in Alabama to cease to exist. Whereupon, the federal case law is clear that a state's failure to abide by its own Laws that results in the deprivation of liberty constitutes a violation of <u>Due Process Clause</u> of the fourteenth amendment, quoting <u>Hicks</u> v. <u>Oklahoma</u>, supra. Thus, relief prayed for should be granted by the Honorable Court.

| Dec. 19/'06 | Horace Bush |
|---|---|
| Date Executed | (Pro Se) Signature |

## Certificate Of Service

I, Horace Bush, the petitioner certify that I have served a copy of my objections on the attorney for the Alabama Board of Pardons & Parole at P.O. Box 302405; Montgomery, Al 36130 by U.S. Postal Service.

___Dec. 19/06___  ___/s/ Horace Bush___
Date Executed   (Pro Se) Signature

Return address:
Horace Bush
AIS# 138454
Staton CF
P.O. Box 56
Elmore, Al 36025