In The District Court Of The United States
For The Middle District Of Alabama

RECEIVED
2007 JAN 26 A 8:54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Horace Bush,              *
   Petitioner             *
v.                        * Case No. 06-CV-982-WKW
State of Alabama, et.al., *
   Respondents            *

## Application For COA

Comes Now, Horace Bush, a pro se petitioner to move the Honorable Court for a Certificate of Appealability on the above enumerated case pursuant to 28 U.S.C. Section 1292(a).

Whereas, the Honorable Court dismissed the Declaratory Judgment action and denied injunctive relief on January 16th, 2007. In addition, the petitioner has filed his Notice of Appeal. Where, the petitioner provides the following memorandum to support the granting of a COA on the Declaratory Judgment Issue.

## [Memorandum]

The issue is whether the State Of Alabama relinquished its' personal and subject

matter jurisdiction over the petitioner pursuant to Alabama Code 1975 Section 14-9-41 (g)(2) which states "when a prisoner is serving two or more sentences which are to run concurrently, the sentence which results in the longer period of incarceration yet remaining shall be considered the term to which such prisoner is sentenced for purpose of computing his release date." In Morrison v. State, 687 So.2d 1257 (Ala. Crim. App. 1996)(The Court held when a second prison sentence was ordered to run concurrently with the first sentence, the sentence with the longer period of incarceration remaining in essence cause the shorter sentence to cease to exist. Also, Henley v. Johnson, 885 F.2d 770 (11th Cir 1989) Hence, in the instant case, the petitioner's 30 years sentence in the State of Alabama was ordered to run [concurrent] with the petitioner's 55 years sentence in the State of Ohio; Thus, the 55 years sentence from the State of Ohio caused the 30 years sentence from the State Of Alabama to cease to exist according to Ala. Code 1975 Section 14-9-41 (g)(2); Morrison, Supra.; and Henley, Supra. Therefore, the State of Alabama clearly does not have any personal or subject matter

pg 3

jurisdiction over the petitioner. Where, in Hicks v. Oklahoma, 65 L.Ed.2d 175 (1979)(the U.S. Supreme Court held when a State's failure to abide by its own Laws that results in a deprivation of liberty constitutes a violation of Due Process Clause of the fourteenth Amendment of the U.S. Constitution). Hence, in the instant case, the State of Alabama failed to abide by its' own statute, i.e. Ala. Code 1975 Section 14-9-41(g)(2); Thus, it has deprived the petitioner of his liberty in violation of the Due Process Clause of the fourteenth Amendment of the U.S. Constitution). Thus, the petitioner filed for a Declaratory Judgment pursuant to Title 28 U.S.C. 2201 requesting that the Honorable Court clarify his legal relationship to the State of Alabama. See Fireman's Fund Ins. Co. v. Ignacio, 860 F.2d 353 (1988, CA Guam)(Court held pursuant to 28 U.S.C.A. 2201 provides the opportunity to clarify rights and legal relationships..... ect.) In such, the petitioner asserts that he has no legal relationship with Alabama, due to fact, it relinquished its' personal and subject matter jurisdiction over the

petitioner.
    Therefore, the relief sought is for the Honorable Court to grant the petitioner a COA.

Respectfully Submitted,

_____Jan. 22, 07_____      _____[signature]_____
Date Executed              (Pro Se) Signature

## Certificate Of Service

I, Horace Bush, certify that I have served a copy of the petition for COA on Atty. Dana Pittman at Ala. Board of Pardon and Parole; P.O. Box 302405; Montgomery, Al 36130 by U.S. Postal Service.

Jan. 22, 07
Date Executed

Horace Bush
(Pro Se) Signature

Return address.
Horace Bush
AIS# 138454
Staton CF
P.O. Box 56
Elmore, Al 36025